**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-cv-00979 |
| | § | |
| SALLY BEAUTY SUPPLY, LLC and | § | |
| SALLY BEAUTY HOLDINGS, INC. | § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Original Complaint against Sally Beauty Supply, LLC and Sally Beauty Holdings, Inc. (collectively "Defendants") and would respectfully show the Court as follows:

## PARTIES

1.     Plaintiff Farouk Systems, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

2.     Upon information and belief, Defendant Sally Beauty Supply, LLC is a limited liability company organized under the laws of the State of Illinois having a principal place of business at 3001 Colorado Blvd., Denton, Texas 76210. Sally Beauty Supply, LLC may be served through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

3.     Upon information and belief, Defendant Sally Beauty Holdings, Inc. is a corporation organized under the laws of the State of Delaware having a principal place of business at 3001 Colorado Blvd., Denton, Texas 76210. Sally Beauty Holdings, Inc. may be

served through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

4.      The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States.  This action involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

5.      This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and cost. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas. Defendants are resident of the States of Illinois and Delaware and are doing business in Texas, including this Judicial District, and have systematic and continuous contacts with the State of Texas.  Defendants, on information and belief, also do business in Harris County, Texas, and a substantial part Defendants' acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

## FACTUAL BACKGROUND

6.      FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons.  A true and correct copy of the U.S. Trademark Registration No. 2,660,257 is attached hereto as Exhibit A and is incorporated herein.

7.      U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect.

8.      FSI owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers.  A true and correct copy of the U.S. Trademark Registration No. 3,107,769 is attached hereto as Exhibit B and is incorporated herein.

9.      U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.

10.     Moreover, FSI is the owner of the common law trademarks and trade names FAROUK and FAROUK SYSTEMS for use with a wide variety of hair care products, including electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons.  FSI has exclusively used the common laws trademarks and trade names FAROUK and FAROUK SYSTEMS for many years and the consuming public has come to associate hair care products such as electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons bearing or displaying the trademarks and trade names FAROUK or FAROUK SYSTEMS as originating from FSI.

11.     Additionally, FSI is the owner of U.S. Trademark Application Serial No. 78/524,660 for the mark CHI for hair coloring preparations, namely, hair color lighteners, color lock treatments, color developers, and colors; U.S. Trademark Application Serial No. 77/055,581 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair care products, namely, shampoo, thermal hair protective treatment, hair strengthening treatment, hair conditioner; hair care preparations, namely, solutions which bond to the hair to strengthen the hair, and solutions to transform frizzy, curly, or damaged hair; U.S. Trademark Application Serial No. 78/622,448 for the mark ULTRA CHI for hair dryers; U.S. Trademark Application Serial No. 77/265,353 for the mark BIOCHI for

electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons, among other goods.

12.     The trademark CHI® is associated exclusively with FSI for use with hair irons, as well as numerous other hair care products.  FSI has used the trademark CHI® in interstate commerce continuously since 2002.  As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the trademark CHI®, the trademark CHI® has become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying FSI's products and business.  Customers and potential customers in these areas have come to identify the trademark CHI® as originating with FSI.  Consequently, FSI has developed substantial recognition among the consuming public for its high quality products sold under its trademark CHI® and has acquired and enjoys a valuable reputation and significant goodwill associated with its trademark CHI®  and products sold under its trademark CHI®.

13.     FSI's use of the trademark CHI® in the hair care industry has been exclusive.  As a result of this exclusive use of the trademark CHI® and the long and widespread use that has been made by FSI of the trademark CHI®, there is substantial recognition and association of the trademark CHI® with FSI by the consuming public for hair care products.

14.     FSI has recently learned that Defendants are advertising in a way that is likely to cause confusion among customers as to the source of Defendants' hair irons.  In particular, Defendants' advertisements misdirect customers of Defendants from FSI's hair irons to irons that do not originate from FSI, including but not limited to Defendant's generic "GVP" branded hair irons (collectively "Defendants' Products").  For example, searches conducted on Defendant Sally Beauty Supply, LLC's website located at http://www.sallybeauty.com for the marks CHI,

FAROUK, and FAROUK SYSTEMS return hundreds of "hits," however, not a single hit is an authentic CHI®-branded hair iron or any product originating from FSI.  In fact, numerous of the hits do not even include the terms "CHI," "FAROUK," or "FAROUK SYSTEMS."  By using FSI's federally registered trademark CHI® and common law marks and trade names FAROUK and FAROUK SYSTEMS in such a way as to likely cause confusion among consumers, Defendants are infringing upon FSI's trademark and trade name rights.

15.     In addition, Defendants advertise their "GVP" branded hair irons in such a way that consumers are likely to connect Defendants' GVP mark with FSI's famous trademark CHI®.  In so doing, consumers are likely to be confused as to whether the GVP-branded hair irons are associated with, sponsored by, or connected to FSI.  For instance, the stores branded "Sally Beauty Supply" display signs prominently displaying FSI's trademark CHI® in connection with Defendants' GVP-branded hair irons.  At least one version of the sign is approximately 4' tall by 2' wide  and is displayed in the front window, adjacent to the front door, facing the sidewalk and parking lot of the store.  The sign depicts a very large flower which occupies the large majority of the background area of the sign.  The yellow center of the flower is surrounded by "petals" which are actually alternating colors of Defendants' hair irons extending from the flower center.   The center of the flower is about 12" or more wide, and FSI's registered trademark "CHI" in bold letters of about 6" high takes prominence in the center but without any indication that "CHI" is a registered trademark of FSI.  Defendants' GVP mark appears above the "CHI" but in much smaller contrast, only about 2" tall and in less bold type, followed by an even smaller and less bold phrase "compare to," only about 1" tall.  When viewed from the sidewalk and at varying distances from the parking lot, the only text visible on the sign, other than price point of $59.99, is FSI's mark "CHI," in bold, solid, large purple type

in the bright yellow flower center.  Clearly Defendants' intent by using FSI's readily identifiable brand mark "CHI" in such an alluring but misleading way is to lead consumers into the store believing that FSI's CHI-branded hair iron may be purchased for $59.99.  By using FSI's federally registered trademark CHI® in such a way as to likely cause confusion among consumers, Defendants are infringing upon FSI's trademark rights.  As the true CHI® branded irons are not sold in Defendants' stores, Defendants use FSI's mark CHI® to "bait" FSI's customers into Defendants' stores.  Once in Defendants' stores, Defendants have the opportunity to "switch" the customers to Defendant's Products.

16.     Given the similarity of Defendants' Products to FSI's products, and Defendants' inclusion of FSI's marks and trade names in Defendants' in-store and web-based advertisements and in search engines on Defendant Sally Beauty Supply, LLC's website, there is a substantial likelihood that consumers will be confused, misled or deceived.  Moreover, Defendants' improper use of FSI's marks and trade names creates a false association of FSI's mark CHI® with Defendants' Products.

17.     Additionally, Defendants' use of FSI's marks fails to inform the consuming public that FSI's mark CHI is federally registered and that the marks and trade names FAROUK and FAROUK SYSTEMS are trademarks and trade names of FSI.

18.     By engaging in the industry of selling hair care products, and in particular, selling and offering for sale electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons, on information and belief Defendants are well aware of FSI's valuable trademark rights to the mark CHI® and the marks and trade names FAROUK and FAROUK SYSTEMS.  In fact, Defendants are purposefully using FSI's trademarks and trade names to sell Defendants' Products.  Therefore, Defendants have

knowingly undertaken the above-described activities resulting in an infringement of FSI's marks and trade names. Thus, on information and belief, the above-described activities by Defendants have been willful.

19.     On information and belief, Defendants will continue to undertake such activities which infringe FSI's mark CHI® and marks and trade names FAROUK and FAROUK SYSTEMS unless enjoined by the Court.

20.     As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are immediately and, after trial, permanently enjoined by this Court from committing further such activity.

## COUNT I - TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER THE LANHAM ACT

21.     FSI repeats and realleges the allegations set forth in paragraphs 1-20.

22.     Defendants' improper use of, and sale of products under, a mark confusingly similar to FSI's CHI® Mark, as well as Defendants' use of the trademarks and trade names FAROUK and FAROUK SYSTEMS is confusing to consumers and constitutes infringement of FSI's trademark rights in violation of the Lanham Trademark Act ("Lanham Act"). Defendants' unauthorized use of FSI's mark CHI® and FSI's marks and trade names FAROUK and FAROUK SYSTEMS violates Section 43 of the Lanham Act which prohibits the use of a trademark by Defendants in such a manner as is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with FSI or as to the origin, sponsorship or approval of Defendant's products by FSI.  *See* 15 U.S.C. § 1125.  Defendants'

use of the mark CHI® also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion.  *See* 15 U.S.C. § 1114.

23.    Defendants are currently selling, offering for sale, and advertising Defendants' Products under FSI's registered and common law trademarks and trade names without the consent of FSI and will continue to do so unless enjoined from doing so by this Court.  If FSI has no way of controlling the quality of Defendants' Products and Defendants are allowed to continue to sell Defendants' Products in connection with FSI's trademarks and trade names, FSI's goodwill created by its mark CHI® and its marks and trade names FAROUK and FAROUK SYSTEMS is placed in jeopardy.  The continuing acts of Defendants are jeopardizing the goodwill of FSI and its valuable trademarks and trade names, and such acts have caused and are causing irreparable injury to FSI and to the consuming public.  Unless the acts of the Defendants complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Accordingly, FSI seeks injunctive relief prohibiting the infringing acts by Defendants complained of herein.

24.    Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages resulting from Defendants' infringing acts.   Moreover, FSI seeks punitive, additional, and enhanced damages from Defendants.

## COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

25.    FSI repeats and realleges the allegations set forth in paragraphs 1-24.

26.    The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas.   As a result of the infringement and unfair competition by Defendants, FSI has suffered and will continue to suffer

injury and damage in an amount yet to be determined.  Upon information and belief, the acts of infringement by Defendants have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined.  Such acts of trademark infringement and unfair competition are causing harm to FSI.

27.     The continuing acts of Defendants are jeopardizing the goodwill of FSI and its valuable trademarks and trade names, and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public.  Unless the acts of the Defendants complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law.  Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendants' infringing acts which have resulted in confusion among the public.  Moreover, FSI seeks punitive and enhanced damages for Defendants' willful conduct.

## COUNT III - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

28.     FSI repeats and realleges the allegations set forth in paragraphs 1-27.

29.     The acts of Defendants complained of above have resulted in trademark infringement and unfair competition.  Accordingly, Pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendants' profits; 2) any damages sustained as a result of Defendants' infringing acts; and 3) the costs associated with these causes of action.

30.     Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendants' intentional use of FSI's trademarks and trade names, and its gross, wanton, or willful conduct.

31.     Furthermore, as a result of Defendants' actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights.  These fees and expenses are necessary and reasonable in order to prosecute this matter.  Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendants' actions.

## DEMAND FOR JURY TRIAL

32.     FSI demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

33.     WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

a.      finding that Defendants have infringed U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®;

b.      finding that Defendants have infringed Farouk Systems, Inc.'s common law trademark rights and trade name rights in the marks FAROUK and FAROUK SYSTEMS;

c.      finding that Defendants have falsely and intentionally mislead consumers by directly or indirectly representing that infringing products are endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

d.      finding that Defendants have engaged in unfair competition;

e.      enjoining Defendants, their officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law rights in the trademark CHI® and the trademarks and trade names FAROUK and FAROUK SYSTEMS, or unfair competition;

f.      awarding Farouk Systems, Inc. all damages caused by the acts of Defendants and all profits of Defendants from acts complained of, and/or all costs to Farouk Systems, Inc. caused by Defendants' activities complained of herein;

g.      trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h.      granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendants' activities complained of herein at the highest rates allowed by law;

i.      finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

j.      awarding costs to Farouk Systems, Inc.; and

k.      awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Respectfully submitted,

GREENBERG TRAURIG LLP

By: /Anthony F. Matheny/
      Anthony Matheny
      Attorney-in-Charge
      Texas State Bar No. 24002543
      S.D. Tex. Bar No. 303157
      1000 Louisiana, Suite 1800
      Houston, Texas   77002
      (713) 374-3583 (Telephone)
      (713) 754-7583 (Fax)

      ATTORNEYS FOR PLAINTIFF
      FAROUK SYSTEMS, INC.

Of Counsel:

Ben D. Tobor
Texas State Bar No. 20050900
Mark Chretein
Texas State Bar No. 24036364
GREENBERG TRAURIG LLP
1000 Louisiana, Suite 1800
Houston, Texas   77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Fax)